**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**Prescott Division**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. CV-16-08247-PCT-PGR |
| | ) | |
| v. | ) | |
| | ) | **CONSENT DECREE** |
| WestRock CP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TABLE OF CONTENTS

I.      BACKGROUND ................................................................................................... 1
II.     JURISDICTION .................................................................................................. 3
III.    PARTIES BOUND ............................................................................................. 3
IV.     DEFINITIONS .................................................................................................... 3
V.      PAYMENT OF RESPONSE COSTS ............................................................... 5
VI.     COVENANTS BY PLAINTIFF......................................................................... 7
VII.    RESERVATIONS OF RIGHTS BY UNITED STATES ................................. 8
VIII.   COVENANTS BY SETTLING DEFENDANT................................................ 9
IX.     EFFECT OF SETTLEMENT/CONTRIBUTION ........................................... 11
X.      NOTICES AND SUBMISSIONS .................................................................... 13
XI.     RETENTION OF JURISDICTION .................................................................. 14
XII.    INTEGRATION/APPENDIX............................................................................ 14
XIII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................... 14
XIV.    SIGNATORIES/SERVICE............................................................................... 15
XV.     FINAL JUDGMENT ........................................................................................ 15

# I.    BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency (EPA), filed a complaint (the "Complaint") in this matter pursuant to section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607, seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Yavapai Penta CERCLA Site in Prescott, Yavapai County, Arizona (the "Site").

B.    EPA conducted response activities at the Site to address the immediate threat to human health posed by hazardous substances present in soil and construction debris at the Site.  These activities included investigating the nature and extent of contamination, excavating thousands of tons of contaminated materials, transporting the contaminated materials offsite for final disposal, and importing clean fill material to the Site.

C.    The defendant that has entered into this Consent Decree, WestRock CP, LLC ("Settling Defendant"), does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint.

D.    The United States and Settling Defendant (collectively, the "Parties") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

E.    Settling Defendant—a wholly owned subsidiary of WestRock Company— was formerly named RockTenn CP, LLC and is the successor to SAM Acquisition, LLC. SAM Acquisition, LLC is the successor to Smurfit-Stone Container Corporation.  On January 26, 2009, Smurfit-Stone Container Corporation, Smurfit-Stone Container Enterprises, Inc., and certain of their subsidiaries (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

1

Court") voluntary petitions for relief under chapter 11 of title 11 of the United States Code, which chapter 11 cases have been jointly administered for procedural purposes as *In re: Smurfit-Stone Container Corporation, et al.*, Case No. 09-10235 (BLS) (collectively, the "Bankruptcy Case").

F.      On January 6, 2011, the Bankruptcy Court approved the Settlement Agreement (*see* Bankruptcy Case Doc. No. 8772-2, the "Bankruptcy Settlement") among the United States of America, on behalf of EPA, Smurfit-Stone Container Corporation and the other Debtors, and others resolving CERCLA claims against the Debtors. *See* Bankruptcy Case Doc. No. 8880.

G.      The Site is an "Additional Site" as such term is defined in Article II, paragraph 1.a. of the Bankruptcy Settlement. This Consent Decree is subject to and consistent with Article VII (Treatment of Additional Sites) of the Bankruptcy Settlement. The United States' claims alleged in the Complaint are liquidated pursuant to Article VII of the Bankruptcy Settlement as set forth in this Consent Decree.

H.      Section 12.14 of the Plan of Reorganization confirmed by the Bankruptcy Court (*see* Bankruptcy Case Doc. No. 8107 Exh. A) provides that the Debtors shall seek approval of the "Creditor Representative" appointed by the Bankruptcy Court for settlements of bankruptcy claims exceeding $500,000.00. The Debtors engaged the Creditor Representative regarding the compromise embodied in this Consent Decree and have obtained the Creditor Representative's approval to enter into this Consent Decree.

I.      On June 22, 2016, the Bankruptcy Court entered an order approving the compromise embodied in this Consent Decree, subject to this Consent Decree being entered by the Court.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.     JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.  The Bankruptcy Court shall retain jurisdiction to the full extent provided in Article XVI, paragraph 34 of the Bankruptcy Settlement.

## III.     PARTIES BOUND

2.      This Consent Decree is binding upon the United States, and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.     DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or its Appendix, the following definitions shall apply:

"Article" shall mean a portion of the Bankruptcy Settlement identified by a Roman numeral.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and the Appendix attached hereto. In the event of conflict between this Consent Decree and the Appendix, the Consent Decree shall control.

3

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and Settling Defendant.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean WestRock CP, LLC (formerly named RockTenn CP, LLC), for itself and on behalf of SAM Acquisition, LLC, Smurfit-Stone Container Corporation, Smurfit-Stone Container Enterprises, Inc., Stone Southwest, Inc., Stone Container Corporation, Stone Southwest Corporation, Crystal I Acquisition Corporation, and Southwest Forest Industries, Inc. (collectively the "Predecessors"), but only to the extent that the Predecessors' alleged liability with respect to the Site arose from their operation of the Site or arose from their status as successors to Southwest Forest Industries, Inc.

4

"Site" shall mean the Yavapai Penta CERCLA Site, encompassing an approximately 220-foot by 140-foot area, located at 34° 33' 30.273" north latitude, 112° 26' 10.968" west longitude, on a 22-acre former wood treatment facility in Prescott, Yavapai County, Arizona, and generally shown on the map in the Appendix, Figure 2, including any area that hazardous substances from the 220-foot by 140-foot area have come to be located.

"State" shall mean the State of Arizona.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.      PAYMENT OF RESPONSE COSTS

4.      <u>Determined Amount</u>.  Consistent with, and subject to the terms of, the Bankruptcy Settlement, the claims alleged by the United States in the Complaint shall be liquidated to a "Determined Amount" (as defined in Article VII, paragraph 8 of the Bankruptcy Settlement) in the sum of $2,800,000.  Such amount will be satisfied as described in Paragraph 5 of this Consent Decree.

5.      <u>Distribution Amount</u>.  Consistent with, and subject to the terms of, the Bankruptcy Settlement, the Determined Amount shall be satisfied within thirty (30) days of the Effective Date by providing the United States the "Distribution Amount" (as defined in Article VII, paragraph 8 of the Bankruptcy Settlement). In accordance with the Plan of Reorganization confirmed by the Bankruptcy Court (*see* Bankruptcy Case Doc. No. 8107 Exh. A), Allowed General Unsecured Claims against Smurfit-Stone Container Enterprises, Inc. were satisfied by distributing creditors their Pro Rata Share of New SSCC Common Stock (as each term is defined in the Plan of Reorganization).  On June 30, 2010, Smurfit-Stone Container Enterprises, Inc. merged into Smurfit-Stone Container Corporation, and the surviving entity was renamed Smurfit-Stone Container Corporation. Following the acquisition of Smurfit-Stone Container Corporation by Rock-Tenn Company on May 27, 2011, the prior shares of New SSCC Common Stock that were reserved for payment of Allowed General Unsecured Claims were converted to a

5

combination of Rock-Tenn Company class A common stock and cash.  Upon the subsequent business combination of Rock-Tenn Company with MeadWestvaco Corporation, forming WestRock Company, on July 1, 2015, shares of Rock-Tenn Company class A common stock were converted on a one-to-one basis into common shares of WestRock Company stock.  Finally, upon the May 15, 2016, separation of WestRock Company's specialty chemicals business into a newly formed public company named Ingevity Corporation, each holder of WestRock Company stock received one share of Ingevity Corporation common stock for each six shares of WestRock Company common stock held as of the close of business of the New York Stock Exchange on the May 4, 2016, record date.  Accordingly, the Distribution Amount will be paid in a combination of cash, WestRock Company stock, and Ingevity Corporation stock, which collectively constitute the payment on EPA's claim under Article VII of the Bankruptcy Settlement.  Specifically, the Distribution Amount will be satisfied by the distribution of (i) $1,602,877.46 in cash, (ii) 56,064 shares of WestRock Company stock, and (iii) 9,344 shares of Ingevity Corporation stock.

6.      Cash and non-cash distributions to the United States pursuant to this Consent Decree shall be made to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit (FLU) of the U.S. Attorney's Office for the District of Arizona after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System (CDCS) number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

> Nina E. Butler
>
> Chief Sustainability Officer
>
> WestRock Company
>
> 3950 Shackleford Road
>
> Duluth, Georgia 30096

6

Phone: (770) 326-8130

Email: nina.butler@westrock.com

on behalf of Settling Defendant. Settling Defendant may change the individual to receive payment instructions on its behalf by providing written notice of such change to DOJ and EPA in accordance with Section X (Notices and Submissions).

7.      Deposit of Cash Distributions and Proceeds from Non-Cash Distributions. EPA shall deposit any cash distributions and any proceeds of non-cash distributions it receives pursuant to Paragraph 5 in the EPA Hazardous Substance Superfund.

8.      Notice of Distribution. At the time of any cash or non-cash distribution pursuant to Paragraph 5, Settling Defendant shall send notice of such distribution: (a) to EPA in accordance with Section X (Notices and Submissions); (b) to DOJ by email or by mail in accordance with Section X (Notices and Submissions); and (c) to the EPA Cincinnati Finance Center by email or by regular mail at:

**Email**:                cinwd_acctsreceivable@epa.gov


**Regular mail**:         EPA Cincinnati Finance Center

                          26 W. Martin Luther King Drive

                          Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Bankruptcy Case Number 09-10235, Site/Spill ID Number 09 1U, and DJ Number 90-11-3-09733/3.

## VI.    COVENANTS BY PLAINTIFF

9.      Covenants for Settling Defendant by United States. Except as specifically provided in Section VII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant and its successors and assigns, but only to the extent that a successor or assign's alleged liability is based on its status as a successor or assign of Settling Defendant and not to the extent that the alleged liability arose independently of the alleged liability of Settling Defendant, pursuant to sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), or

section 7003 of RCRA, 42 U.S.C. § 6973, regarding the Site. With respect to present and future liability, these covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. These covenants extend only to Settling Defendant and its successors and assigns and do not extend to any other person.

## VII.   RESERVATIONS OF RIGHTS BY UNITED STATES

10.    The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Paragraph 9 (Covenants for Settling Defendant by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

a.    liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b.    criminal liability;

c.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d.    liability based on the ownership or operation of the Site by Settling Defendant when such ownership or operation commences after signature of this Consent Decree by Settling Defendant;

e.    liability based on Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant; and

f.    liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

8

## VIII.   COVENANTS BY SETTLING DEFENDANT

11.      Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

      a.      any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b.      any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Constitution of the State of Arizona, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

      c.      any claim pursuant to sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law, relating to the Site.

12.      Except as provided in Paragraph 14 (Waiver of Claims by Settling Defendant) and Paragraph 19 (res judicata and other defenses), these covenants shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations set forth in Section VII (Reservations of Rights by United States), other than in Paragraph 10.a (liability for failure to meet a requirement of the Consent Decree) or Paragraph 10.b (criminal liability), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

13.      Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

9

14.   <u>Waiver of Claims by Settling Defendant</u>.

    a.   <u>De Micromis Waiver</u>. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under sections 107(a) and 113 of CERCLA) that it may have for all matters relating to the Site against any person where the person's liability to Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

    b.   Exceptions to Waiver.

        (1)   The waiver under this Paragraph 14 shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person otherwise covered by such waiver if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

        (2)   The waiver under this Paragraph 14.a shall not apply to any claim or cause of action against any person otherwise covered by such waiver if EPA determines that: (i) the materials containing hazardous substances contributed to the Site by such person contributed significantly or could contribute significantly, either individually or in the aggregate, to the cost of the response action or natural resource restoration at the Site; or (ii) such person has failed to comply with any information request or administrative subpoena

issued pursuant to section 104(e) or 122(e)(3)(B) of CERCLA, 42

U.S.C. § 9604(e) or 9622(e)(3)(B), or section 3007 of RCRA,

42 U.S.C. § 6927, or has impeded or is impeding, through action or

inaction, the performance of a response action or natural resource

restoration with respect to the Site; or if (iii) such person has been

convicted of a criminal violation for the conduct to which the waiver

would apply and that conviction has not been vitiated on appeal or

otherwise.

## IX.    EFFECT OF SETTLEMENT/CONTRIBUTION

15.    Except as provided in Paragraph 14 (Waiver of Claims by Settling
Defendant), nothing in this Consent Decree shall be construed to create any rights in, or
grant any cause of action to, any person not a Party to this Consent Decree. Except as
provided in Section VIII (Covenants by Settling Defendant), each of the Parties expressly
reserves any and all rights (including, but not limited to, under section 113 of CERCLA,
42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with
respect to any matter, transaction, or occurrence relating in any way to the Site against
any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the
United States, pursuant to section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-
(3), to pursue any such persons to obtain additional response costs or response action and
to enter into settlements that give rise to contribution protection pursuant to section
113(f)(2).

16.    The Parties agree, and by entering this Consent Decree this Court finds, that
this Consent Decree constitutes a judicially-approved settlement pursuant to which
Settling Defendant has, as of the Effective Date, resolved liability to the United States
within the meaning of section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is
entitled, as of the Effective Date, to protection from contribution actions or claims as
provided by section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for
the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent

Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Section VII (Reservations of Rights by United States), other than in Paragraph 10.a (liability for failure to meet a requirement of Consent Decree) or Paragraph 10.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

17.     The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

18.     Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

19.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the

United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VI.

## X.   NOTICES AND SUBMISSIONS

20.   Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email**:     eescdcopy.enrd@usdoj.gov

Re: DJ# 90-11-3-09733/3


**As to DOJ by mail**:     EES Case Management Unit

U.S. Department of Justice

Environment and Natural Resources Division

P.O. Box 7611

Washington, D.C. 20044-7611

Re: DJ # 90-11-3-09733/3


**As to EPA**:     Xiao Zhang (ORC-3)

Assistant Regional Counsel

U.S. Environmental Protection Agency

Region 9

75 Hawthorne Street

San Francisco, CA 94105

zhang.xiao@epa.gov

13

**As to Settling Defendant**:

> Nina Butler
>
> Chief Sustainability Officer
>
> WestRock Company
>
> 3950 Shackleford Road
>
> Duluth, Georgia 30096
>
> nina.butler@westrock.com

## XI.    RETENTION OF JURISDICTION

21.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XII.    INTEGRATION/APPENDIX

22.    This Consent Decree and its Appendix constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The Appendix is attached to and incorporated into this Consent Decree, and consists of Figure 1, an aerial map of the Site location in the town of Prescott, Arizona, and Figure 2, an aerial photograph of the approximate boundaries of the Site.  Notwithstanding this Section XII, nothing in this Consent Decree affects the terms or applicability of the Bankruptcy Settlement, which remains binding on the Parties.

## XIII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

23.    This Consent Decree shall be lodged with the Court for a period of at least thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper,

or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

24.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIV.  SIGNATORIES/SERVICE

25.     The undersigned representative of Settling Defendant and the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

26.     Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

27.     Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XV.   FINAL JUDGMENT

28.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant. The

Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED.

DATED this _9th_ day of _Jan_____, 2017.

United States District Judge

Signature Page for Consent Decree Regarding Yavapai Penta CERCLA Site

**For the United States of America**:

October 26, 2016
Dated

John C. Cruden
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

October 27, 2016
Dated

Angela Mo
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

17

Signature Page for Consent Decree Regarding Yavapai Penta CERCLA Site

27 July 2016
_____
Dated

Enrique Manzanilla (SFD-1)
Director, Superfund Division
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA 94105

June 30, 2016
_____
Dated

Xiao Zhang (ORC-3)
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA 94105

18

Signature Page for Consent Decree Regarding Yavapai Penta CERCLA Site

**For WestRock CP, LLC:**

6/29/16
Dated

Robert B. McIntosh
Executive Vice President & General Counsel
504 Thrasher Street
Norcross, GA 30071

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Nina E. Butler
Chief Sustainability Officer & Senior
Environmental Counsel
3950 Shackleford Road
Duluth, GA 30096
Phone: (770) 326-8130
Email: nina.butler@westrock.com

19

**APPENDIX**

to

Consent Decree Regarding Yavapai Penta CERCLA Site

*United States v. WestRock CP, LLC*



**Figure 1**
## Site Vicinity Map
## Yavapai Wood Treatment Site
**Yavapai-Prescott Tribal Land, Arizona**

Page 1 of 2

Project # 002963.2168.01RA
TDD# TO2-09-11-12-0001

Source: Aerial Photography - Bing Maps



**LEGEND**

Site location

N

0        150        300 Feet

**Figure 2**
**Site Location Map**
**Yavapai Wood Treatment Site**
**Yavapai-Prescott Tribal Land, Arizona**

ecology and environment, inc.
International Specialists in the Environment